# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARON REID, | Case No. 1:13-cv-01180-LJO-SKO (PC) |
| Plaintiff, | FIRST SCREENING ORDER FINDING PLAINTIFF STATES A COGNIZABLE EIGHTH AMENDMENT CLAIM AGAINST DEFENDANT FRAZIER ONLY AND REQUIRING PLAINTIFF TO EITHER FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON COGNIZABLE CLAIM |
| v. | |
| A. FRAZIER, et al., | |
| Defendants. | |
| | (Doc. 1) |
| | THIRTY-DAY DEADLINE |

### First Screening Order

**I.   Screening Requirement and Standard**

Plaintiff Jaron Reid, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 29, 2013.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court

shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

**II.    Discussion**

    **A.    Allegations**

Plaintiff, who is currently incarcerated at the California Correctional Institution in Tehachapi, California, brings this action against Correctional Officers A. Frazier, T. Kephart, and M. Robison for violating his rights under the United States Constitution.

Plaintiff alleges that on August 14, 2011, Defendant Frazier delivered breakfast trays to Plaintiff and his cellmate, who were housed in administrative segregation. Plaintiff told Defendant Frazier that if she did not stop, he was going to report her for sexual misconduct.[1] Defendant Frazier did not respond and slammed the cell door flap.

---

[1] The nature of Defendant Frazier's misconduct is not explained.

2

When Defendant Frazier returned to get the breakfast trays, Plaintiff and his cellmate were still eating, Plaintiff on his bunk and his cellmate at the desk. Plaintiff's cellmate yelled at Defendant Frazier to get away from the door and come back when they were done. In response, Defendant Frazier grabbed her pepper spray can from her duty belt and discharged the contents into the cell.

After approximately eight minutes, during which Plaintiff and his cellmate were choking on the fumes, officers arrived, cuffed them up, took them outside to get some fresh air, and placed them in holding cages. Plaintiff told the sergeants and lieutenants what happened but they were disinterested in his side of the story.

Plaintiff, who is black, was accused of battery on a peace officer, and Officer Jordan read him his rights. Plaintiff's cellmate, who is white, was not charged with anything and he was escorted back to their cell.

Plaintiff alleges that the three defendants conspired to falsify incident reports stating that Plaintiff grabbed Defendant Frazier's duty belt through the tray slot, causing her to have to use pepper spray. Plaintiff denies he did so and alleges that Defendant Frazier took the opportunity to retaliate against him for accusing her of sexual misconduct.

**B.     Excessive Force Claim**

The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 5, 112 S.Ct. 995 (1992) (citations omitted). For claims arising out of the use of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Wilkins v. Gaddy*, 559 U.S. 34, 37, 130 S.Ct. 1175, 1178 (2010) (per curiam) (citing *Hudson*, 503 U.S. at 7) (internal quotation marks omitted); *Furnace v. Sullivan*, 705 F.3d 1021, 1028 (9th Cir. 2013). The objective component of an Eighth Amendment claim is contextual and responsive to contemporary standards of decency, *Hudson*, 503 U.S. at 8 (quotation marks and citation omitted), and although *de minimis* uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident,

3

*Wilkins*, 559 U.S. at 37-8, 130 S.Ct. at 1178 (citing *Hudson*, 503 U.S. at 9-10) (quotation marks omitted); *Oliver v. Keller*, 289 F.3d 623, 628 (9th Cir. 2002).

At the pleading stage, Plaintiff's allegations that Defendant Frazier, unprovoked by any need to restore order or maintain discipline, pepper sprayed Plaintiff and his cellmate are sufficient to support a claim under section 1983.

### C. Retaliation Claim

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).

While proximity in time between protected conduct and alleged retaliation may suffice to support the existence of a retaliatory motive, *McCollum v. California Department of Corrections and Rehabilitation*, 647 F.3d 870, 882 (9th Cir. 2011), here Plaintiff alleges nothing more than the conclusion that he was pepper sprayed for complaining to Defendant Frazier about her sexual misconduct, *see Huskey v. City of San Jose*, 204 F.3d 893, 899 (9th Cir. 2000) (after this, therefore because of this is a logical fallacy). While the Court is mindful that Plaintiff is proceeding pro se and this is the pleading stage, his assertion of retaliatory motive is impermissibly conclusory and it fails to demonstrate anything more than the mere possibility of misconduct. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

### D. Equal Protection Claim

The Equal Protection Clause requires that persons who are similarly situated be treated alike. *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439, 105 S.Ct. 3249 (1985); *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1123 (9th Cir. 2013); *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013); *Shakur v. Schriro*, 514 F.3d 878, 891 (9th Cir. 2008). To state a claim, Plaintiff must show that Defendants intentionally discriminated against him based on his membership in a protected class. *Hartmann*, 707 F.3d at 1123; *Furnace*, 705

F.3d at 1030; *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003); *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001).

While Plaintiff alleges he is black, his cellmate is white, and his cellmate was returned to their cell without charges, these allegations to not support a viable equal protection claim, as they do not demonstrate differential treatment of similarly situated inmates based on race.

### E. Conspiracy Claim

Finally, to state a claim for conspiracy under section 1983, Plaintiff must show the existence of an agreement or a meeting of the minds to violate his constitutional rights, and an actual deprivation of those constitutional rights. *Avalos v. Baca*, 596 F.3d 583, 592 (9th Cir. 2010); *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2001). While Plaintiff alleges sufficient facts to support a claim against Defendant Frazier for use of excessive force, he has not stated any other viable claims for relief and he has not alleged any facts supporting the existence of a conspiracy between Defendant Frazier and Defendants Kephart and Robison.

In light of Plaintiff's allegation regarding falsified reports, it appears he may have been charged with and found guilty of battery on a peace officer. However, Plaintiff does not allege what occurred as a result of the falsified reports and in the absence of any facts, no claim is stated.[2]

### III. Conclusion and Order

Plaintiff's complaint states a cognizable claim against Defendant Frazier for use of excessive force, in violation of the Eighth Amendment. However, Plaintiff has not stated any other cognizable claims for relief under section 1983.

Plaintiff has not previously been provided with notice of the deficiencies in his claims and the Court will provide Plaintiff with the opportunity to file an amended complaint, if he believes, in good faith, he can cure the identified deficiencies. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th

---

[2] "The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005). Although Plaintiff's allegations are suggestive of a potential due process claim, his complaint does not set forth sufficient facts for the Court determine whether he is attempting to pursue a due process claim, and if so, the basis for the claim.

Cir. 2012); *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  If Plaintiff amends, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

However, if Plaintiff does not wish to file an amended complaint and he is agreeable to proceeding only on his Eighth Amendment claim, he may file a notice informing the Court that he does not intend to amend and he is willing to proceed only on his cognizable claim.  The Court will then provide Plaintiff with the requisite forms to complete and return so that service of process may be initiated on Defendant Frazier, and Plaintiff's other claims will be dismissed.

If Plaintiff files an amended complaint, it should be brief, Fed. R. Civ. P. 8(a), but under section 1983, it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights and liability may not be imposed on supervisory personnel under the mere theory of *respondeat superior*, *Iqbal*, 556 U.S. at 676-77; *Starr v. Baca*, 652 F.3d 1202, 1205-07 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, *Lacey v. Maricopa County*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:
   a. File an amended complaint curing the deficiencies identified by the Court in this order, or
   b. Notify the Court in writing that he does not wish to file an amended complaint and he is willing to proceed only against Defendant Frazier on his cognizable Eighth Amendment claim; and

6

3. If Plaintiff fails to comply with this order, this action will be dismissed, without prejudice, for failure to obey a court order.

IT IS SO ORDERED.

Dated: **May 20, 2014**                    **/s/ Sheila K. Oberto**
                                           UNITED STATES MAGISTRATE JUDGE