# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARON REID, | Case No. 1:13-cv-01180-LJO-SKO (PC) |
| Plaintiff, | ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE, WITH PREJUDICE |
| v. | |
| A. FRAZIER, et al., | (Doc. 8) |
| Defendants. | |

Plaintiff Jaron Reid, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 29, 2013. On May 20, 2014, the Court screened Plaintiff's complaint and ordered him to either file an amended complaint or notify the Court of his willingness to proceed only on his Eighth Amendment cognizable claim against Defendant Frazier, within thirty days. 28 U.S.C. § 1915A. More than thirty days have passed, and Plaintiff has not complied with or otherwise responded to the order.

The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000). In determining whether to dismiss an action for failure to comply with a pretrial order, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *In re Phenylpropanolamine (PPA) Products*

*Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (internal quotations and citations omitted).

"The public's interest in expeditious resolution of litigation always favors dismissal," *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citation and internal quotation marks omitted), and Court's need to manage its docket weighs in favor of dismissal, as "[i]t is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants," *Pagtalunan*, 291 F.3d at 642 (citation and internal quotation marks omitted).  However, the Court is constrained to find that the prejudice factor weighs against dismissal because the mere pendency of an action does not constitute prejudice; and public policy favors disposition on the merits, which weighs against dismissal.  *In re PPA*, 460 F.3d at 1228; *Pagtalunan*, 291 F.3d at 642-43.

Nevertheless, there are no alternative sanctions which are satisfactory.  *In re PPA*, 460 F.3d at 1228-29; *Pagtalunan*, 291 F.3d at 643.  A monetary sanction has little to no benefit in a case in which the plaintiff is proceeding in forma pauperis, and based on Plaintiff's failure to comply with or otherwise respond to the Court's order, the Court is left with no alternative but to dismiss the action for failure to prosecute.  *Id.*  This action, which has been pending since 2013, requires Plaintiff's cooperation in its prosecution, and it cannot simply remain idle on the Court's docket.  In light of Plaintiff's demonstrated disinterest in continuing the litigation, dismissal is appropriate.  *Id.*

Accordingly, this action is HEREBY DISMISSED, with prejudice, for failure to prosecute. *In re PPA*, 460 F.3d at 1226; Local Rule 110.

IT IS SO ORDERED.

Dated:  **July 25, 2014**          /s/ Lawrence J. O'Neill
                                 UNITED STATES DISTRICT JUDGE

2